Alfonso **HERNANDEZ–REYES,**
Petitioner—Appellant,

v.

Robert O. **LAMPERT,** Superintendent, SRCI, Respondent—Appellee.

No. 03–35685.
D.C. No. CV–01–00353–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 28, 2004.

Ruben L. Iniguez, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Ryan P. Kahn, Office of the Attorney General, Salem, OR, for Respondent–Appellee.

Before REAVLEY,* W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

State prisoner Alfonso Hernandez–Reyes appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction. We review the district court's denial of a habeas petition de novo. *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). We affirm.

### I

■ Hernandez–Reyes' claim that standing trial while wearing a restraining device on his leg violated his right to due process fails for two reasons. First, a constitutional violation does not occur unless the restraint is compelled by the state. *See Estelle v. Williams,* 425 U.S. 501, 512, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Hernandez–Reyes' failure to object to the restraining device negates the presence of compulsion necessary to establish a due process violation. *See id.* at 512–13. Hernandez–Reyes also has failed to show that the court was even aware, much less compelled the use, of the restraint.

■ His claim fails on the additional ground that he has not shown that he was

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prejudiced by wearing the device during his trial. A defendant's restraint at trial is subject to harmless error analysis. *See Castillo v. Stainer*, 983 F.2d 145, 148 (9th Cir.1992). As such, we must determine whether the error had a "substantial and injurious effect on the jury's verdict." *Ghent v. Woodford*, 279 F.3d 1121, 1132 n. 9 (9th Cir.2002). Hernandez–Reyes also failed to present any evidence that the jury was aware that he was wearing a restraining device. Restraining a defendant at trial cannot have had a substantial and injurious effect on the jury's verdict if the jury was not aware that the defendant was being restrained. *See Packer v. Hill*, 291 F.3d 569, 583 (9th Cir.2002), *rev'd on different grounds sub nom. Early v. Packer*, 537 U.S. 3, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

## II

■ Nor did Hernandez–Reyes demonstrate that his counsel was constitutionally ineffective for failing to object to his restraint at trial. *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hernandez–Reyes' trial counsel stated in an affidavit that he did not recall Hernandez–Reyes appearing in front of the jury while being restrained. There are no allegations or any evidence in the record that Hernandez–Reyes ever informed his attorney that he was wearing the leg restraint. There is no requirement that counsel affirmatively inquire as to whether a defendant is restrained. Thus, in this instance counsel's performance did not fall below an objective standard of reasonableness. *Cf. Murray v. Carrier*, 477 U.S. 478, 486, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (counsel's failure to recognize factual basis for claim does not by itself constitute cause for setting aside procedural default).

For the reasons discussed above, Hernandez–Reyes has failed to establish a reasonable probability that the outcome of his trial would have been different had his counsel objected to the restraint. This claim thus fails on the *Strickland* prejudice prong as well.

**AFFIRMED.**